UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV-61605

DANIELA CARDIELLO,

     Plaintiff,

vs.

CHADWICK & DAVIDSON CORP.  and
KRUNALKUM PANCHAL,

     Defendants.
_____/

## **COMPLAINT**

     Plaintiff, Daniela Cardiello, sues Defendants, Chadwick & Davidson Corp. and Krunalkum Panchal, based on the following good cause:

### ***Parties, Jurisdiction, and Venue***

1.     **Plaintiff, Daniela Cardiello**, is a *sui juris* resident of Broward County, Florida, who is over 18 years old.

2.     Plaintiff consents to participate in this lawsuit.

3.     **Defendant, Chadwick & Davidson Corp.**, is a for-profit Florida company that is *sui juris* and operated its business out of its office in Coral Springs, Florida, at all times material.

4.     **Defendant, Krunalkum Panchal**, was and is an owner, managing member, and director of the corporate Defendant for the relevant time period. He ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

1

5.      Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

6.      This Court has jurisdiction over Plaintiff's FLSA claims.

7.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, because Plaintiff performed work and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

8.      Plaintiff worked for Defendants from approximately May 30, 2018 to December 21, 2018.

9.      Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

10.      Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff, Daniela Cardiello, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

11.      Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

2

13.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their receipt, sales, marketing, and shipment of pharmaceuticals that traveled in interstate commerce.

14.     Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, send and receive pharmaceuticals that traveled outside of the State of Florida, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

16.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

17.     Plaintiff was a non-exempt employee of Defendants.

18.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her regularly and routinely utilizing instrumentalities of interstate commerce, including her regular and recurrently receiving and shipping out packages – including pharmaceutical products that traveled in interstate commerce.

19.     Defendants failed and refused to pay Plaintiff even a minimum wage of $7.25 per hour for any of the hours that she worked by not paying her at all for the hours that she worked for Defendants.

3

20.     Plaintiff is entitled to a backpay award of minimum wages for all unpaid/underpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Daniela Cardiello, demands the entry of a judgment in her favor and against Defendants, Chadwick & Davidson Corp. and Krunalkum Panchal, jointly and severally, after trial by jury and as follows:

a.     That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.     That Plaintiff recover pre-judgment interest on all unpaid miminum wages if the Court does not award liquidated damages;

c.     That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.     That Plaintiff recover all interest allowed by law;

e.     That Defendant be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

f.     Such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF CONTRACT

Plaintiff, Daniela Cariello, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

21.     Plaintiff and Defendant, Chadwick & Davidson Corp., agreed that in exchange

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

for Plaintiff expending time and effort on its behalf, it would compensate her at the rate of $80,000.00 per year, payable in bi-weekly installments.

22.     Plaintiff performed under the parties' contract/agreement by working full time for Defendants as aforesaid.

23.     Defendant, Chadwick & Davidson Corp., failed and refused to perform its obligation(s) to pay Plaintiff the agreed-upon rate of $80,000.00 per year in bi-weekly installments by not paying her at all, thereby breaching the oral contract/agreement.

24.     Plaintiff has been damaged as a result of Defendant, Chadwick & Davidson Corp.'s failure to pay her the agreed-upon salary that she earned.

WHEREFORE Plaintiff, Daniela Cardiello, demands the entry of a judgment in her favor and against Defendant, Chadwick & Davidson Corp., for all damages suffered/wages, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## <u>COUNT III – UNJUST ENRICHMENT</u>

Plaintiff, Daniela Cardiello, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

25.     Plaintiff provided labor and services for Defendant, Chadwick & Davidson Corp., and they received and accepted the benefits of the labor and services supplied by Plaintiff.

26.     Plaintiff expected to be paid a reasonable value for the labor and services she provided to Defendant, Chadwick & Davidson Corp.

27.     Defendant, Chadwick & Davidson Corp., was unjustly enriched in that it failed

5

and refused to make payment to Plaintiff for such benefits.

28.     Plaintiff does not have an adequate remedy at law.

WHEREFORE Plaintiff, Daniela Cardiello, demands the entry of a judgment in her favor and against Defendant, Chadwick & Davidson Corp., for all damages suffered, for the value of the services she provided to it, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT IV – QUANTUM MERUIT

Plaintiff, Daniela Cardiello, reincorporates and re-alleges paragraphs 1 through 10 as though set forth fully herein and further alleges as follows:

29.     Plaintiff conferred a benefit on Defendant, Chadwick & Davidson Corp., by expending time, effort, and employing her knowledge on its behalf.

30.     Defendant, Chadwick & Davidson Corp., knowingly and voluntarily accepted the benefits of the time, effort, and knowledge supplied by Plaintiff on its behalf by communicating with Plaintiff and continuing to allow her to work out of its office in Coral Springs, Florida.

31.     The circumstances are such that it would be inequitable for Defendant, Chadwick & Davidson Corp., to retain the benefits conferred on it by Plaintiff without having paid for them, considering that when Plaintiff performed similar services for other persons and entities, she was compensated fairly and generously for her time expended.

32.     Plaintiff does not have an adequate remedy at law.

WHEREFORE Plaintiff, Daniela Cardiello, demands the entry of a judgment in her favor and against Defendant, Chadwick & Davidson Corp., for all damages suffered, for the

6

value of the time and services she supplied, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff demands a trial by jury of all issues so triable.

Dated: June <u>26</u>, 2019.

Respectfully submitted,

<u>Brian H. Pollock, Esq.</u>
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*

7